**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jun 21 2012, 8:41 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**WALKER WHATLEY**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

WALKER WHATLEY,     )
            )
   Appellant-Petitioner,    )
            )
      vs.        )    No. 49A04-1110-PC-548
            )
STATE OF INDIANA,      )
            )
   Appellee-Respondent.    )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
Cause No. 49G20-0803-PC-64067

**June 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

<u>Case Summary and Issues</u>

Walker Whatley was convicted of possession of cocaine within 1,000 feet of a youth program center, a Class A felony, and sentenced to thirty-five years in prison. The Indiana Supreme Court upheld his conviction and sentence in a June 8, 2010 opinion. Whatley filed a petition for post-conviction relief and an amended petition, which, following a hearing, the post-conviction court denied. Whatley, pro se, now appeals that denial and raises several issues which we consolidate, restate, and reorder as three: 1) whether the post-conviction court erred in finding no impropriety in the evidence which was presented at trial and evidence which Whatley alleges was not disclosed regarding the seized cocaine; 2) whether the post-conviction court erred in finding no error with the evidence presented at trial regarding the measurement of the distance between Whatley's home and the youth program center; and 3) whether Whatley was charged for and convicted of the proper offense. We conclude the State did not fail to disclose the material Whatley now takes issue with, and that the other issues could have been addressed on direct appeal, and as a result are precluded from our review. Therefore, we affirm.

<u>Facts and Procedural History</u>

The background facts and the majority of the procedural history of this case have been discussed by our supreme court:

> The facts most favorable to the conviction indicate that in March, 2008, Whatley was arrested at his home on a warrant issued in an unrelated case. During a search incident to arrest, the arresting officer discovered a bag containing 3.2459 grams of cocaine in Whatley's pocket. In relevant part, the State charged Whatley with possession of cocaine as a Class A felony. Possession of cocaine is ordinarily a Class C felony, but possession of three grams or more of cocaine within 1,000 feet of a youth program center

2

elevates the offense to a Class A felony. Whatley's home, where the arrest occurred, was located approximately 795 feet from Robinson Community Church ("RCC"). Whether RCC qualifies as a "youth program center" for the purpose of triggering the elevation to a Class A felony is the central issue of this appeal.

The jury found that the enhancement was supported by the evidence and the court sentenced Whatley to a term of 35 years. Whatley appealed and the Court of Appeals reversed his conviction on the grounds that RCC did not qualify as a "youth program center." The Court of Appeals found that RCC's hosting of various programs for children did not change its status as a church; thus, removing it from the ambit of the statute's intended coverage for purposes of the sentence enhancement. The Court of Appeals remanded the case with instructions to enter the conviction as a Class C felony and sentence Whatley accordingly.

The State sought, and we granted, transfer.

Whatley v. State, 928 N.E.2d 202, 203-04 (Ind. 2010) (citations and footnote omitted).

The supreme court concluded that, based on the evidence presented, a jury could properly find that RCC was a "youth program center," and affirmed Whatley's conviction and sentence. Id. at 207.

Following the supreme court's decision, Whatley filed, pro se, a petition for post-conviction relief, raising several issues, and amended this petition to add another claim of error. Following a hearing thereon, the post-conviction court denied his petition. Whatley now appeals. Additional facts will be supplied as appropriate.

## Discussion and Decision

### I. Standard of Review

Post-conviction procedures provide a narrow remedy for collateral challenges to convictions based on grounds enumerated in the post-conviction rules. Wrinkles v. State, 749 N.E.2d 1179, 1187 (Ind. 2001), cert. denied, 535 U.S. 1019 (2002). To the extent an argument within the petition is the same claim made and rejected in prior proceedings, that argument is barred by the doctrine of res judicata. Wallace v. State, 820 N.E.2d

3

1261, 1264 (Ind. 2005). When an argument is raised for the first time but could have been raised earlier either on direct appeal or in an earlier petition for post-conviction relief, the claim is procedurally defaulted for not having been presented timely. Id.

Whatley appeals from the denial of post-conviction relief, which is a negative judgment. See Wrinkles, 749 N.E.2d at 1187. As a result, he must convince this court that the evidence "as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court." Id. at 1187-88. "This Court will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion." Id. at 1188 (quotation and citation omitted).

## II. Evidentiary Challenge

### A. Alleged Exculpatory Evidence

First, Whatley repeatedly and adamantly insists the State failed to disclose exculpatory evidence prior to trial. As discussed below, we believe his specific arguments to be somewhat different than that the State failed to disclose exculpatory evidence, and as a result, we define and address his arguments broadly, as challenges to the propriety of both the evidence which was submitted at trial and evidence which he alleges was not disclosed.

Nevertheless, we lay out the principles which would guide our review of an alleged failure to disclose exculpatory evidence. In Brady v. Maryland, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S.

4

83, 87 (1963). "To prevail on a Brady claim, a defendant must establish: (1) that the prosecution suppressed evidence; (2) that the evidence was favorable to the defense; and (3) that the evidence was material to an issue at trial." Minnick v. State, 698 N.E.2d 745, 755 (Ind. 1998) (citing Brady, 373 U.S. at 87), cert. denied, 528 U.S. 1006 (1999). Evidence is material under Brady "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." United States v. Bagley, 473 U.S. 667, 682 (1985). However, the State will not be found to have suppressed material evidence if it was available to a defendant through the exercise of reasonable diligence. Conner v. State, 711 N.E.2d 1238, 1246 (Ind. 1999), cert. denied, 531 U.S. 829 (2000). "Favorable evidence" includes both exculpatory evidence and impeachment evidence. See Prewitt v. State, 819 N.E.2d 393, 401 (Ind. Ct. App. 2004), trans. denied.

Now to Whatley's arguments. The evidence which Whatley contends was improperly not disclosed is any evidence which might suggest the cocaine entered into evidence at his trial was in fact cocaine from a previous conviction of his and unrelated to the present offense. This is an argument which he raised at trial to challenge the weight of the evidence presented. In the present appeal he argues that the evidence which the State presented at trial was false and deceptive, and therefore the State improperly failed to disclose exculpatory evidence – in Whatley's view, "the truth" – as required by Brady.

Specifically, Whatley contends the officer who seized the cocaine lied at trial. In support of this contention, he reasons that the officer's testimony conflicts with his probable cause affidavit and points out that the State initially charged Whatley with

possessing less than three grams of cocaine, but amended his charge and he was tried and convicted of possessing greater than three grams. He also contends the forensic chemist lied at trial in testifying that the substance recovered consisted of greater than three grams of cocaine. Similarly, he takes issue with the supposed lack of evidence of a chain of custody of the substance seized between the seizure and chemical testing.

Whatley already made some of these arguments at trial, either by cross-examining the witnesses pointedly or by objecting to their testimony. These testimonies were allowed into evidence by the trial court, and any challenge to their admission or veracity was an issue first for the trial court and jury, respectively, and second, as to the admission into evidence, for this court on direct appeal. None of this evidence may be directly challenged in seeking post-conviction relief.[1] See Wallace, 820 N.E.2d at 1264.

Further, and returning to our statement that Whatley's arguments do not quite fall under Brady, these challenges to the State's evidence presented at trial do not refer to Brady material (improperly undisclosed exculpatory evidence) because Whatley himself points to little evidence that was not disclosed. (The little evidence he does point to, we discuss separately below.) To the extent he might argue that "truth" was not disclosed, our simple but complete response to the somewhat circuitous argument is, as stated above, attacks on the relative truth and reliability of the evidence presented: 1) should have been and largely were raised at trial, 2) were properly submitted to the jury for it to weigh, 3) could have been issues on direct appeal, and 4) are improper when seeking post-conviction relief.

---

[1] We address below the way in which newly-discovered evidence may indirectly challenge evidence presented at trial.

6

Whatley also makes a corollary argument. He argues the lies of the officer and forensic chemist and resulting deception of the court and jury violate his right to due process. As stated above, we conclude that he was provided with adequate process to attempt to discredit the testimonies of the officer and forensic chemist, and while he adamantly insists their testimonies consist of lies, the jury found otherwise and we are in no position to disagree with the jury. Because the jury apparently found those testimonies credible and Whatley points to no evidence of their falsity, we cannot conclude he was denied due process.

## B. Alleged Newly-Discovered Evidence

Whatley does direct us to one item which could be characterized as potentially newly-discovered evidence. Post-Conviction Rule 1(1)(a)(4) provides:

> (a) Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:
> * * *
> (4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
> * * *
> may institute at any time a proceeding under this Rule to secure relief.

Newly-discovered evidence mandates a new trial only when the defendant demonstrates each of the following nine requirements:

> (1) the evidence has been discovered since the trial; (2) it is material and relevant; (3) it is not cumulative; (4) it is not merely impeaching; (5) it is not privileged or incompetent; (6) due diligence was used to discover it in time for trial; (7) the evidence is worthy of credit; (8) it can be produced upon a retrial of the case; and (9) it will probably produce a different result at retrial.

Taylor v. State, 840 N.E.2d 324, 329-30 (Ind. 2006) (quoting Carter v. State, 738 N.E.2d 665, 671 (Ind. 2000)). The reviewing court "analyzes these nine factors with care, as the

basis for newly discovered evidence should be received with great caution and the alleged new evidence carefully scrutinized." Id. at 330 (internal quotations omitted). The burden of showing all nine requirements rests with the post-conviction petitioner. Webster v. State, 699 N.E.2d 266, 269 (Ind. 1998).

The item which Whatley describes is a three-page mailing from Michael Medler, Laboratory Director of the Indianapolis-Marion County Forensic Services Agency. The first page is a letter, dated August 12, 2008, explaining the enclosed two pages:

> To the extent that the documents you have requested exist, and are not privileged or otherwise protected by statute, this office is complying with your request. Enclosed please find a drug analysis report on case number . . . . To determine information regarding an officer, please contact the Indianapolis Metropolitan Police Department.

Appellant Appendix at 72.

The next page, a laboratory examination report, states that 3.2459 grams of cocaine were found. This report is dated April 25, 2008, and was submitted as an exhibit at trial. Because it was submitted as an exhibit at trial, it cannot be considered newly-discovered evidence.

The third and final page is an Indianapolis Police Department case report, which describes an incident occurring on August 4, 2003. In this incident, a confidential informant bought cocaine from the suspect. Two officers were listed as being involved in the case, and neither was the officer which testified regarding Whatley's 2008 conviction. The report did indicate it was printed in 2008, but the report is clearly referring to an incident in which a controlled buy took place in 2003. That is not what happened to Whatley in 2008, where officers conducted a search pursuant to a warrant on an unrelated

case and discovered the cocaine in Whatley's pocket upon a search incident to arrest. This report clearly refers to a different incident.

The fact that Medler provided this case report regarding Whatley's earlier conviction, in 2003, is irrelevant. At the post-conviction hearing, Whatley stated that he requested from Medler a lab report regarding his 2008 conviction, and reasons that because the report Medler provided refers to a different amount of cocaine than was testified to at his 2008 trial, the lab must have made an error and his 2008 conviction must be vacated. We disagree. It seems clear that regardless of what Whatley requested from Medler, Medler provided both a report dated April 25, 2008, which refers to his 2008 conviction, and a case report dated August 4, 2003, which refers to his earlier conviction. Nothing about the materials Medler provided to Whatley suggests the lab mixed up the testing materials or results which support his 2008 conviction. For this reason this report is unlikely to produce a different result at retrial, and does not mandate a new trial.

Finally, Whatley argues the post-conviction court erred in not ordering a continuance of the hearing on his petition or otherwise ensuring that he could cross-examine Medler and the officer who seized the cocaine and Whatley alleges lied at trial. This was not an error. Whatley had the opportunity to cross-examine the officer. Medler did not testify against him, so Whatley had no right to cross-examine him. If Whatley did cross-examine Medler regarding the three pages which we discussed above, it is clear, at the least, Medler's testimony would not reveal evidence that "will probably produce a different result at retrial." Taylor, 840 N.E.2d at 329-30. The post-conviction court did not err in this regard.

### III. Measurement

Whatley next contends the evidence regarding the measurement of the distance between his home and the youth program center was not admissible, and that if it was admissible it was not reliable enough to sustain his conviction. The evidence he refers to is the trial testimony which explained how an officer and prosecutor measured the distance with measuring tape. Whatley now argues an online source, GoogleMaps, should have been used. This challenge to the admissibility of evidence is an issue which we generally review on direct appeal for an abuse of the discretion of the trial judge. Ziebell v. State, 788 N.E.2d 902, 907 (Ind. Ct. App. 2003). As relevant here, then, this is clearly an issue which could have been raised earlier on direct appeal, and is thus procedurally defaulted for not having been presented timely. Wallace, 820 N.E.2d at 1264. In any event, Whatley did cross-examine the officer regarding these measurements, see trial transcript at 66-69, so the reliability of this evidence was properly an issue before the jury – and we would not reweigh evidence anyway, either on direct appeal or in review of a denial of post-conviction relief.

### IV. Charges and Conviction

Whatley's last argument is that the procedural timing of the State's charges and dismissal of charges, and the trial court's processing of these filings, were done improperly such that his trial was held on the wrong offense and his conviction must be vacated. He characterizes this argument as an "improper[] enhance[ment]" of his offense. Brief of the Appellant at 16. He also contends the State deceived the trial court and jury with perjured testimony by not revealing that he was initially charged with possession of cocaine as a Class D felony in his trial for possession of cocaine as a Class

A felony. We disagree for two reasons. First, we disagree with Whatley that if the jury knew his possession of cocaine charge was initially classified as a lower degree of felony then the result would have been different, and for that reason his argument has no merit. Second, even if his argument had merit, it has been procedurally waived because this argument could have been raised on direct appeal. Wallace, 820 N.E.2d at 1264.

For all of these reasons, we conclude the post-conviction court did not err in denying Whatley's petition for post-conviction relief.

Conclusion

In reviewing the post-conviction court's denial of Whatley's petition for post-conviction relief, we conclude that all of Whatley's arguments either could have been made on direct appeal and as a result are waived, or are unpersuasive under the legal standard which allows us to disturb a post-conviction court's decision only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion. Therefore, we affirm.

Affirmed.

BAILEY, J. and MATHIAS, J. concur.